UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                            ) | No. 20-011 (CJN) |
| ) | |
| LAMONT GOODWIN,        ) | |
| ) | |
| Defendant.             ) | |
| _____) | |

DEFENDANT LAMONT GOODWIN'S REPLY IN FURTHER SUPPORT
OF HIS MOTION TO DISMISS UNDER THE SPEEDY TRIAL ACT

Under the Speedy Trial Act, if the government fails to begin a trial within 70 days of the later of indictment or initial appearance, the defendant is entitled to dismissal of the charges against him. *See* 18 U.S.C. §§ 3161(c)(1), 3162(a)(2). In his moving papers, Mr. Goodwin demonstrated that he has spent 20 months of non-excluded time waiting for his trial to begin, entitling him to dismissal of his charges. *See* Goodwin Br. (ECF No. 18) at 1-5.

The government "does not dispute the procedural history of the case presented by the defense motion." Govt. Opp. Br. (ECF No. 19) at 2. Mr. Goodwin having thus met his initial burden of identifying a violation of the Speedy Trial Act with specificity, the burden shifts to the government to prove to this Court no more than 70 non-excluded days have elapsed. *See* 18 U.S.C. § 3162(a)(2); *United States v. Rice*, 746 F.3d 1074, 1077-78 (D.C. Cir. 2014). The government makes two basic assertions in trying to meet its burden of proof, neither of which is persuasive.[1] First, the government mistakenly contends that a series of general pandemic-related standing

---

[1] Originally, the government offered a third justification for denying the instant motion to dismiss – that the "Office of the Federal Public Defender has already concurred in an exclusion of time under the Speedy Trial Act for this case and other pending criminal cases affected by the pandemic." Govt. Opp. Br. (ECF No. 19) at 1. In a supplemental filing a week later, the government withdrew that assertion in its entirety. *See* Govt. Suppl. Br. (ECF No. 20) at 1.

1

orders voided the Speedy Trial Act's requirement that a Court must make individualized determinations of fact before time may be excluded from speedy trial calculations. Govt. Opp. Br. at 2-12. Second, the government mistakenly contends the Court may retroactively exclude time under the Speedy Trial Act. *Id.* at 12-18. As discussed below, both of the government's contentions are wrong and, as a result, the Court should dismiss Mr. Goodwin's indictment.

**I.    THE GOVERNMENT HAS FAILED TO MEET ITS BURDEN OF PROVING THAT THE CHIEF JUDGE'S STANDING ORDER HAS VOIDED THE SPEEDY TRIAL ACT'S EXPRESS REQUIREMENT THAT INDIVIDUALIZED DETERMINATIONS ARE REQUIRED BEFORE TIME MAY BE TOLLED**

The statutory text of the Speedy Trial plainly states that a Court's findings of fact supporting any time exclusion "*must be set forth in the record of the case.*" §3161(h)(7)(A) (emphasis added). In keeping with this plain statutory language, decisions in this District routinely hold that, to exclude time, a Court must place its reasons for excluding that time on the record. *See, e.g., United States v. Sanders*, 485 F.3d 654 (D.C. Cir. 2007); *Zedner v. United States*, 126 S. Ct. 1976, 1989); and *United States v. Bryant*, 523 F.3d 349 (D.C. Cir. 2008).[2]

The government contends that the Chief Judge's Standing Orders somehow voids or annuls this express statutory requirement, such that a Court need no longer place specific findings "on the record" in a case in excluding time. Govt. Opp. Br. at 2-12. The government is wrong.

There is no language in Chief Judge Howell's general Standing Orders that purport to annul this specific statutory requirement (even assuming that a standing order could supersede statutory language) or otherwise provide that a standing order fulfills the "on the record" findings the Speedy

---

[2] The three cases were all cited by Mr. Goodwin at pages 4-5 of his moving brief (ECF No. 18). Notably, the government does not substantively discuss, much less distinguish, *Sanders* or *Bryant* in its opposition. As to *Zedner*, the government quotes that case in conceding that the Speedy Trial Act "demands on the record findings" in a continued case. *See* Govt. Opp. Br. (ECF No. 19) at 13 (quoting *Zedner*).

2

Trial Act requires. To the contrary, by its own terms, the standing orders are not absolute and all-encompassing. Rather, the Standing Order submitted by the government provides that (i) the Court was still conducting criminal jury trials as of March 2021, albeit in a limited capacity; and (ii) exclusions were appropriate only "for those cases that cannot be tried consistent with those health and safety protocols and limitations" imposed by the pandemic. 12/13/21 Standing Order (ECF No. 19-1) at 1, 6. Thus, even under that Standing Order, a Court must factually find that the case before it "cannot be tried consistent with" the existing pandemic restrictions for the Standing Order to apply. Here, however, the Court did not issue a further order excluding time pursuant to the Chief Judge's Standing Orders to any point beyond April 17, 2020. Thus, no requisite findings were made, as required by the Speedy Trial Act and by the Standing Order itself, and absent those individualized findings the time since April 17, 2020 cannot be properly excluded in this case.

If the government's claim that the standard orders automatically replace the "on the record" findings and decisions in each case, every district court would cease making findings on the record in excluding time, which has of course not been the case during the pandemic. Instead, courts have held that the pandemic-related standing orders are not sufficient by themselves to exclude time; they only help inform a district court's decision on whether to exclude time in an individual case. Express findings of fact supporting that decision still must be placed on the record in each case, and they have been. *See*, *e.g., United States v. Taylor*, 2020 WL 7264070, *4 (D.D.C 2020) ("[t]he *findings that follow*, as supplemented by Chief Judge Howell's Standing Orders and this Court's prior pronouncements … justify excluding the period between March 16, 2020, and March 8, 2021") (emphasis added); *accord id.* (emphasizing that it is "this Court's own findings – as expressed in the record of this case and the present Opinion, though necessarily informed by the Chief Judge's Standing Orders – [that] support the pandemic-related continuances and exclusions

3

it ordered on March 16 and August 17, 2020"); *United States v. Santacruz-Cortes*, 2020 WL 3884509, *2 (D. Ariz. July 9, 2020) (cited in *Taylor*; ruling the "General Orders are insufficient by themselves to exclude time in particular cases); *United States v. Kane*, 2020 WL 6434792, *4-5 (W.D. Wash. June 9, 2020) (cited in *Taylor*; ruling that the Court could rely on the General Order as a finding that it makes itself but not that the Order could replace the Court's individualized finding in each particular case); *United States v. Aguerre*, 2020 WL 6487776, *4 (D. Utah Nov. 4, 2020) (making "on the record" individualized findings, based in part on "Chief Judge Shelby's General Orders," in excluding time under the Speedy Trial Act).

For all the foregoing reasons, the Chief Judge's Standing Order is insufficient, by itself, to toll time under the Speedy Trial Act. Each court is still responsible for making individualized findings in each case supporting an order in that case excluding time. *See* Goodwin Br. at 3-5. Because the government has not, and cannot, show that these individualized finding were made on the record in this case after April 17, 2020, the 20 months at issue are not excluded and Mr. Goodwin's indictment should be dismissed.

**II.     THE GOVERNMENT'S EXTREME REQUEST THAT THE COURT RETROACTIVELY EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT SHOULD BE REJECTED BY THE COURT**

Implicitly acknowledging that the government has not met its burden under Speedy Trial Act, the government asks the Court to retroactively exclude time under the Act. *See* Govt. Opp. Br. at 13-14. The Court should reject the government's request. *See* Goodwin Br. at 5-6 (discussing why retroactive time exclusion under Speedy Trial Act is improper); *United States v. Smith*, 2020 WL 2541713, *6 (E.D. Cal. May 19, 2020) (excluding time but noting that a court "cannot retroactively exclude time under the ends-of-justice exclusion").

While the government points to cases where the pandemic has led to an ends-of-justice continuance (see Govt. Opp. at 13-14), in every case but one there was no need to make this

4

exclusion retroactive because, in each of those cases, the court made timely, specific findings on the record excluding time as required by the Speedy Trial Act. *Id*. Hence, none of those cited cases support the "do-over" the government seeks here.

The sole case cited by the government allowing a retroactive exclusion, *United States v. Correa*, 182 F.Supp.2d 326 (S.D.N.Y 2001), involved the September 11, 2001 terror attack on New York City. In *Correa*, the Southern District of New York court previously had entered an order excluding the time from August 24, 2001 until September 11, 2001, and scheduled a pre-trial conference on September 11, 2001. *Id*. at 326-327. Of course, when the 9-11 attack took place early that morning, the courts could not convene, and counsel could not communicate with their clients. The *Correa* court then ordered a retroactive exclusion of time from September 11-17, the seven days from when the terrorist attack began until the time that the Chief Judge finally was able to issue an order granting a prospective 30-day exclusion in all pending criminal cases in the Southern District of New York. *Id*. at 327 (and ruling that only "compelling circumstances" justify a retroactive exclusion of time). Such compelling circumstances – where a city is completely shut down due to a sudden terrorist attack and its immediate aftermath – do not exist here. *See also United States v. Sanchez-Senda*, 2018 WL 1737615 (D. P.R. 2018) (excluding the five days where the federal courts in Puerto Rico were entirely inaccessible due to Hurricane Maria).

In contrast to *Correa* and *Sanchez-Senda*, the pandemic did not render this Court entirely inaccessible. While in-person appearances may have been limited by the pandemic, the court system, including this Court, "has remained open and operating" via "video and telephone conferencing." 12/13/21 Standing Order (ECF No. 19-1) at 1, 7. Thus, the government readily could have sought specific findings and an order from the Court excluding time after April 17, 2020, but chose not to do so. That choice is simply not a "compelling circumstance" justifying

5

either the 20 month lapse in this case or the extreme measure of retroactively excluding those 20 months of time from the speedy trial calculation.

Nor are the standing orders at issue all-encompassing like the ones in *Correa* or *Sanchez-Senda* because, in those two cases, the court system was completely shut down. Here, as discussed above, the standing orders continue to allow video and telephonic appearances, and even in-person appearances so long as they are "consistent with those health and safety protocols and limitations" imposed by the pandemic. 12/13/21 Standing Order (ECF No. 19-1) at 6. Simply put, the compelling *and very temporary* circumstances presented by a disaster such as 9-11 or Hurricane Maria cannot properly be compared to circumstances and adjustments presented by an ongoing pandemic that has now continued for almost two years. And the government's attempt to retroactively exempt those two years from Mr. Goodwin's (and every other defendant's) speedy trial rights should be rejected by the Court.

Lastly, the government claims that Judge Boasberg recently denied a "similar motion to dismiss." *See* Govt. Opp. Br. at 16-17 (citing to the *Taylor* case). However, that motion raised other dismissal grounds – *viz*, that the COVID-19 pandemic was not a sufficient basis to exclude time under the Speedy Trial Act. *See Taylor*, 2020 WL 7264070. Here, Mr. Goodwin does not argue that the pandemic is not a sufficient basis to exclude time under the Speedy Trial Act *had the government acted correctly under the Speedy Trial Act*. Rather, Mr. Goodwin has shown that the government's failure to seek a timely exclusion in this case violates the Act, and that this violation cannot be justified retroactively by a general standing order or the now years-long COVID-19 pandemic.

## CONCLUSION

For all of these reasons, and those set forth in Mr. Goodwin's moving brief, the Court

should (i) dismiss the indictment in this case pursuant to the Speedy Trial Act, and (ii) grant Mr. Goodwin such other and further relief as the Court deems just and proper.

                                            Respectfully submitted,

                                            A. J. KRAMER
                                            FEDERAL PUBLIC DEFENDER

                                                  /s/
                                            _____

                                            Maria N. Jacob
                                            Assistant Federal Public Defender
                                            625 Indiana Avenue, N.W., Suite 550
                                            Washington, D.C.  20004
                                             (202) 208-7500
                                            Maria_Jacob@fd.org